**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NEWCOURTLAND,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 21-196** |
| | : | |
| **KEYSTONE FIRE PROTECTION CO.** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                              **January 29, 2021**

Pennsylvania entities NewCourtland, Evangelical Senior Housing, and Major Glen Apartments (the "Insureds") sued their Pennsylvania insurer Keystone Fire Protection Company in the Philadelphia Court of Common Pleas seeking over $500,000 in damages arising from Keystone's alleged negligence, breach of proposal, and breach of implied warranty."[1] Before the Insureds sued Keystone in the Philadelphia Court of Common Pleas, Travelers Property Casualty Company of America, as a subrogee of the Insureds, sued Keystone in this District for some undefined portions of the losses.[2] The Complaints arise out of the same set of facts.[3]

Keystone removed the Insureds' case from the state court invoking our diversity jurisdiction arguing we are required to accept removal based on supplemental jurisdiction with Travelers' case before us to "inevitably, consolidate both cases."[4] The Insureds now move to remand arguing:we lack subject matter jurisdiction because Keystone and the Insureds are not diverse; supplemental jurisdiction will not allow Keystone to remove this otherwise unremovable action; and as a citizen of Pennsylvania, Keystone cannot remove under the forum defendant rule.[5] We agree.

### A. The Insureds are real parties in interest requiring we evaluate their citizenship.

Keystone seeks to justify its removal by arguing even though "[by] the allegations of the Complaint, the parties are not diverse for purposes of [section] 1332, [] the action was filed in the name of the insured by the insurer for more than the 'uninsured loss.'"[6] It claims the parties are diverse because the Insureds identified the state court suit as a "subrogation action," which makes the real party in interest Travelers, a citizen of Connecticut, who is before us in the second case.[7]

"It has long been established that the citizenship of a subrogee is material, but not the sole factor to be considered, when subject matter jurisdiction is sought to be invoked in diversity terms."[8] "If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss, both the insured and insurer . . . have substantive rights against the tortfeasor which qualify them as real parties in interest."[9] "[A]n interested non-party will not be considered for purposes of diversity jurisdiction where the named plaintiff is also a real party in interest."[10] Because federal courts are courts of limited jurisdiction, "the removal statute is to be strictly construed against removal."[11]

Travelers may be a party in interest in this case, but they are not the only party in interest. The Insureds plead losses of their own in this case. Although they list the case as a subrogation action in state court, the Insureds did not include Travelers as a named plaintiff and will not be considered for purposes of diversity jurisdiction. There are no facts alleged by either party Travelers paid the entire loss suffered by the Insureds. Because the Insureds and Keystone are citizens of Pennsylvania, which Keystone concedes, the parties are not diverse.

### B. We may not exercise supplemental jurisdiction over this removed action.

We also cannot exercise supplemental jurisdiction. Keystone removed the state court case arguing even though the parties (Insureds v. Keystone) are not diverse under the Complaint, we may exercise supplemental jurisdiction over this case and consolidate this case with the pending action brought by Travelers before us because, in its view, the real party in interest is Travelers and the "facts, legal issues, and discovery apply equally to both cases."[12] The Insureds move to remand, arguing "[i]n the absence of original jurisdiction, supplemental jurisdiction does not provide an independent source for removal."[13] We agree.

"[A] District Court is not [] endowed with jurisdiction to hear a case on removal merely because . . . a related case is pending in the federal court."[14] "[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action."[15] An "already-existing federal action cannot provide the mechanism for removal of a non-removable state court action."[16]

Keystone attempts to avoid the readily apparent lack of diversity by removing this case based on supplemental jurisdiction, to then be consolidated with the related case currently in this District. Keystone argues the Supreme Court's holding in *City of Chicago v. Int'l Coll. of Surgeons* applies.[17] In *City of Chicago*, a property owner brought actions in state court, challenging a city's administrative denials of permission to redevelop historic buildings under state and federal law.[18] The city removed both suits based on federal question jurisdiction.[19] The district court consolidated the cases, exercising supplemental jurisdiction over the state law claims.[20] The Supreme Court concluded the district court properly exercised both federal question jurisdiction and supplemental jurisdiction over the claims.[21] The key difference between *City of Chicago* and this case is Keystone removes the state court suit and requests us to consolidate with an *already existing* action

in federal court; in *City of Chicago*, the city removed both suits from state court at the same time. Defendant asks we ignore the principle an "already-existing federal action" cannot be the basis for removal.[22]

We lack original jurisdiction because the parties are not diverse, nor does the case involve a federal question. Because Keystone cannot cure its jurisdictional deficiencies by invoking supplemental jurisdiction with the related action brought by Travelers before us, we remand this case brought by the Insureds to the Philadelphia Court of Common Pleas.

    **C.**    **The forum defendant rule further mandates remand.**

Even if we could exercise subject matter jurisdiction, we must remand based on the forum defendant rule. The Insureds argue Keystone is a Pennsylvania citizen "which disqualifies it from removal under the express language of [section] 1441(b)(2)" of the removal statute, known as the forum defendant rule.[23] Keystone concedes it is domiciled in Pennsylvania and makes no mention of this issue in its removal or in opposition to the Insureds' Motion to remand.[24]

The forum defendant rule provides "cases not involving federal question jurisdiction 'shall be removable only if none of the parties in interest properly joined and served as defendants [are] a citizen of the State in which [the] action is brought."[25] This rule reflects the purpose of diversity jurisdiction: "to provide a federal forum and thus avoid prejudice against out-of-state defendants."[26] "The dangers local bias might pose are removed if a defendant is a citizen of the state where the case [is] brought."[27] Our Court of Appeals directs the forum defendant rule is "procedural in nature as opposed to jurisdictional," and may be waived if not objected to a motion to remand within thirty days."[28]

Keystone does not contest it is a citizen of Pennsylvania, as it is both incorporated and has its principal place of business in the state.[29] The Insureds sued Keystone in the Philadelphia Court

of Common Pleas, a Pennsylvania state court. As a Pennsylvania citizen, Keystone does not face the prejudice of an out-of-state defendant which removal aims to protect. The forum defendant rule applies. Although the forum defendant rule may be waived if not timely objected to, the Insureds timely moved to remand well within the thirty days of Keystone noticing the removal. Because Keystone is a citizen of Pennsylvania and attempts to remove this case to a Pennsylvania District Court, we grant the Insureds' Motion to remand.

### D.     Conclusion

We lack subject matter jurisdiction because Keystone and the Insureds are not diverse and supplemental jurisdiction is not an independent basis for removal. Even if Keystone could properly invoke diversity jurisdiction, the forum defendant rule bars removal. We remand to the Philadelphia Court of Common Pleas.

---

[1] ECF Doc. No. 1-2.

[2] *Travelers Prop. Cas. Co. of Am v. Keystone Fire Protection Co.*, No. 20-5456.

[3] ECF Doc. No. 1-2; ECF Doc. No. 1-3.

[4] ECF Doc. No. 1 ¶¶ 10-11.

[5] ECF Doc. No. 2-1 at 1, 5.

[6] ECF Doc. No. 1 ¶ 12.

[7] *Id.* ¶¶ 7, 15.

[8] *Pepsico Do Brasil Ltda v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008) (citing *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81 (1949)).

[9] *Aetna*, 338 U.S. at 380-81.

[10] *Ingram v. DESA*, No. 08-1326, 2008 WL 2246428, at *1 (E.D. Pa. May 30, 2008).

---

[11] *Stellar v. Allied Signal, Inc.*, 98 F.Supp.3d 790, 794 (E.D. Pa. 2015) (citing *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 344 (3d Cir. 1974)); 28 U.S.C. § 1441.

[12] ECF Doc. No. 1 ¶¶ 12-15.

[13] ECF Doc. No. 2 ¶ 12 (citing *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995)).

[14] *Chase v. Auerbach*, No. 94-5892, 1994 WL 590588, at *2 (E.D. Pa. 1994) (internal citations omitted).

[15] *Moe G Enterprises, LLC v. Fontana*, No. 10-1538, 2011 WL 98553, at *5 (W.D. Pa. Jan. 12, 2011).

[16] *Id*.

[17] 522 U.S. 156 (1997).

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.* at 164.

[22] *Moe G Enterprises*, 2011 WL 98553, at *5.

[23] ECF Doc. No. 2-1 at 5.

[24] ECF Doc. No. 1 ¶ 13; ECF Doc. No. 4.

[25] *Boulmetis v. Philadelphia Park Casino & Racetrack*, No. 08-4227, 2008 WL 4566891, at *1 (E.D. Pa. Oct. 10, 2008) (citing 28 U.S.C. § 1441(b)).

[26] *Id.*, at *2 (citing *McSparren v. Weist*, 402 F.2d 867, 876 (3d Cir. 1968)).

[27] *Id.* (citing *Allen v. GlaxoSmithKline PLC*, No. 07-5045, 2008 WL 2247067, at *4 (E.D. Pa. May 30, 2008) (citing *Dresser Indus., Inc. v. Underwriters of Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997))).

[28] *Dakota Asset Servs. LLC v. Nixon*, No. 19-16126, 2020 WL 5640724, at *5 (D.N.J. Sept. 22, 2020) (quoting *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995)).

[29] ECF Doc. No. 1 ¶ 13.